OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court, the parties' briefs and their oral arguments before this court. Appellant, Fraternal Order of Police, Ohio Labor Council, Inc., appeals the decision of the trial court vacating the order of the arbitrator. Appellee, Belmont County Sheriff, contends the arbitrator exceeded her authority by ruling that the subject grievance was arbitrable. In contrast, the F.O.P. maintains the arbitrator properly dealt with the grievance on its merits. The issue we must decide is whether the arbitrator exceeded the scope of her authority by ordering a monetary award for a grievance allegedly falling outside the coverage of the collective bargaining agreement. Although the trial court had no jurisdiction to address the merits or the correctness of the arbitrator's award, it was permitted to examine the award in light of the Agreement to determine whether the grievance was in fact arbitrable. Because the arbitrator's award requires a check to be paid based upon a grievance occurring prior to the effective Agreement, namely the failure to make Public Employees Retirement System-Law Enforcement contributions, we conclude the arbitrator exceeded the scope of her authority and therefore, the trial court did not err by vacating the award.
 Facts {¶ 2} On October 29, 2001, employees of the Belmont County Sheriff's Department filed a grievance, claiming the Sheriff failed to pay PERS-LE from their original date of hire, in violation of both R.C.145.03 and the Agreement, specifically, Article 35, which provides that any past practice that affects wages, hours, or terms or conditions of employment, shall not be altered except by mutual negotiations entered into in good faith. The employees claim this article requires the Sheriff to provide all employees with PERS-LE coverage from their date of hire. Interestingly, the same employees apparently were already awarded PERS-LE contributions retroactive to April 8, 1999, the filing date of an earlier grievance, as a result of an arbitration under a previous agreement. It appears what the employees are now asking for is to receive contributions from the date of hire up until April 8, 1999 under an agreement in effect from November 11, 1999 through November 10, 2002.
 {¶ 3} After this claim was denied at all levels of the grievance procedure, the F.O.P. notified the Sheriff of its intent to arbitrate the grievance. After both parties agreed on the selection of an arbitrator, the Sheriff filed a motion to deny the grievance arguing that it was without a remedy and non-arbitrable. After a hearing regarding that issue, the arbitrator determined it was in fact arbitrable because "the case is thus not one of making whole a previous loss, but of correcting current service credits to prevent a future loss." The Sheriff refused to proceed with the arbitration but instead filed a motion to vacate the arbitrator's award which the trial court granted.
 Arbitrability {¶ 4} The F.O.P has presented this court with four assignments of error. Because the analysis of each is so closely related, they will be addressed together.
 {¶ 5} "The Court of Common Pleas Erred to the prejudice of Appellant when it determined that the arbitrator exceeded her authority by deciding the issue of arbitrability."
 {¶ 6} "The Court of Common Pleas erred to the prejudice of the Appellant when it substituted its interpretation of the collective bargaining agreement for the interpretation made by the arbitrator."
 {¶ 7} "The Court of Common Pleas erred to the prejudice of the Appellant when it misapplied the test for overturning an arbitrator's award pursuant to O.R.C. 2711.10."
 {¶ 8} "The Court of Common Pleas erred to the prejudice of the Appellant and thus abused its discretion when it determined that there was no rational nexus between the collective bargaining agreement and any possible remedy."
 {¶ 9} In reviewing an arbitrator's award, we are bound by R.C.2711.10, which provides, in pertinent part: "In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if: * * * (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." R.C. 2711.10.
 {¶ 10} In United Steelworkers of America v. Enterprise Wheel Car Corp. (1960), 363 U.S. 593, 597, 80 S.Ct. 1358, the United States Supreme Court addressed the limits of the review power of an arbitrator.
 {¶ 11} "* * * [A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." Id.
 {¶ 12} The main contention between the parties in this case is whether the grievance was in fact arbitrable. To aid in our analysis of this issue, the Ohio Supreme Court has advanced the following four principles to provide a framework considering the reach of an arbitration clause: (1) arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit; (2) the question of arbitrability — whether an agreement creates a duty for the parties to arbitrate a particular grievance — is undeniably an issue for judicial determination (unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator); (3) in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims; and, (4) where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate a particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage. Council of Smaller Enterprises v. Gates,McDonald Co. (1998), 80 Ohio St.3d 661, 665-666, (adopting analysis from AT T Technologies, Inc. v. Communications Workers of Am.
(1986), 475 U.S. 643.
 {¶ 13} Accordingly, we must first review the terms of the Agreement so that we may discern the parties' true intent. The language at issue provides:
 {¶ 14} "The arbitrator shall limit his decision strictly to the interpretation, application, or enforcement of those specific Articles in this Agreement. He may not modify or amend the agreement.
 {¶ 15} "The arbitrator shall be without authority to recommend any right or relief on an alleged grievance occurring at any time other than the contract period in which such right originated or to make any award based on rights arising under any previous Agreement. The arbitrator shall not establish any new or different wage rates not negotiated as part of this Agreement. In event of a monetary award, the arbitrator shall limit any retroactive settlement to the date the grievance was presented to the Employer in Step I of the grievance procedure." Article 35, 11/11/99-11/10/02 Agreement.
 {¶ 16} Although the language is fairly straightforward, the parties' respective interpretations of the Agreement differ greatly.
 {¶ 17} The F.O.P. claims this grievance is arbitrable because the issue involved relates to "future monetary benefits" dependent upon years of service credits for PERS-LE. The arbitrator explained, and the F.O.P. concurs, that the loss, if any, to the employee will not occur until retirement because that is when the employee first becomes entitled to receive benefits. Further, the F.O.P agrees with the arbitrator's statement that the case is not one of making whole a previous loss but instead is one which would correct current service credits to prevent a future loss. Finally, the F.O.P. claims that Article 35 of the Agreement which contains a "past practices" clause supports its argument that the claim is arbitrable. The F.O.P. explains that the right of PERS-LE service credits from date of hire arises out of the current agreement based upon the past practices clause, which states:
 {¶ 18} "Section 1. Any past benefit or practice that has been continuous, known, and sanctioned by the Employer, but not incorporated into this Agreement, that affects wages, hours terms or conditions of employment, shall not be altered until and unless good faith negotiations between the Employer and the F.O.P. take place and said alteration is put in writing and signed by the parties.
 {¶ 19} "Section 2. Any past benefit or practice that has been continuous, known, and sanctioned by the Employer but not incorporated into this Agreement, shall not be altered until and unless good faith discussion through the labor/management meeting between the Employer and the F.O.P. take place." Article 35 11/11/99-11/10/02 Agreement
 {¶ 20} This portion of the Agreement has no relevance to the issues involved in the present appeal. The past practice clause allows for negotiations to be had between the union and the employer dealing with things outside the four corners of the Agreement, whereas the arbitration clause limits the arbitrators scope to things that are within the four corners of the document. Thus, Article 35 would not apply to the arbitration of grievances.
 {¶ 21} In contrast, the Sheriff simply claims the grievance in this case is not arbitrable because it involves rights arising under a previous agreement, not the current agreement; and there is no remedy but a monetary one retroactive to dates of employment which occurred before the grievance was filed. We agree.
 {¶ 22} It is clear the parties did not agree to arbitrate a grievance that affected rights outside the scope of the Agreement. As quoted in ¶ 15 above, the Agreement unambiguously provides that the arbitrator was without authority to consider a grievance based upon rights arising outside the time frame of the Agreement at issue. So we must decide if the grievance was covered by the Agreement. Here, the Agreement was in effect from November 11, 1999 thru November 10, 2002. Thus, we conclude that it was not. As the employees' service occurred on dates prior to the effective date of the Agreement, the failure to pay into the PERS-LE fund for that service likewise occurred prior to the effective date of the Agreement.
 {¶ 23} Accordingly, the grievance filed in this case could have only originated under some previous agreement. Regardless of when the parties would receive the "benefits" of the award, the right to the payment arose on the date of the employees' service. Thus, the arbitrator improperly decided that the grievance was arbitrable, and exceeded her authority as contemplated by R.C. 2711.10. The trial court properly vacated the arbitrator's award since it was clearly outside the bounds of the Agreement.
 {¶ 24} Accordingly, Appellant's assignments of error are meritless and the judgment of the trial court is affirmed.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.